UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MALCOLM WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-1066 |
| | ) | |
| RITA BERGIN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

This case is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff is incarcerated at Illinois River Correctional Center. Plaintiff alleges that he has been denied adequate access to the prison law library, and that this denial has prejudiced another legal claim in a way he does not describe. Exhibits plaintiff attached to his complaint show that plaintiff was scheduled to receive passes to the law library on at least ten (10) different dates during the relevant time period. (Doc. 1 at 17). Moreover, plaintiff does not describe how defendant Bergin, the "overseer of the Education Department," denied him access to the law library other than to say she did so "intentionally and recklessly."

Plaintiff must provide more information regarding the specific actions defendant Bergin took to deny him access to the law library; he cannot sue her just because she is in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore, plaintiff must provide some information regarding how the denial of access prejudiced an otherwise meritorious claim. *Marshall v. Knight*, 445 F.3d 965, 968

(7th Cir. 2006). The court will grant plaintiff an opportunity to provide this information in an amended complaint.

**It is therefore ordered:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. Accordingly, the amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

2. Plaintiff's motion for counsel [3] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. Although Plaintiff attached letters he had received from attorneys in response to his requests for pro bono representation, the letters predate Plaintiff's claims in this case and appear to address claims not related to this case. If Plaintiff renews his

motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

3. Plaintiff's motion for temporary restraining order or preliminary injunction [4] is denied. Plaintiff has not shown a reasonable likelihood of success on the merits. *See Foodcomm Int'l v Barry,* 328 F.3d 300, 303 (7th Cir. 2003).

Entered this 17th day of April, 2018.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE