UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MALCOLM WIGGINS, | ) |
| Plaintiff, | ) |
| v. | ) 18-1066 |
| RITA BERGIN, *et al.* | ) |
| Defendants. | ) |

**MERIT REVIEW ORDER #2**

This case is before the court for a merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it A(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.@ 28 U.S.C. § 1915A.

In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges in his amended complaint that Defendant Bergin has refused to issue him call passes to the law library, despite the fact that he is no longer medically restricted from going to the law library. Liberally construed, plaintiff alleges that Defendant Bergin has done so without a legitimate penological purpose, and in retaliation for lawsuits he filed that are currently pending. Plaintiff alleges that Defendant Bergin's actions have prevented him from meeting court deadlines in these cases.

Plaintiff also alleges, in an unrelated claim, that medical staff at the prison has denied him treatment for an abscessed tooth.

Plaintiff states First Amendment claims for denial of access to the courts and retaliation against Defendant Bergin. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009).

Plaintiff, however, cannot bring unrelated claims against different defendants in the same lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits."); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants…or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint."). The medical claim plaintiff alleges in his amended complaint does not involve Defendant Bergin. Therefore, the Court will dismiss, without prejudice, the medical claims against Defendants Olada and Osmundson.

Finally, plaintiff filed a motion for temporary restraining order and preliminary injunction (#15) seeking a court order directing officials at Illinois River Correctional Center to provide him access to the law library. Access to a law library is not the only means by which prison officials can provide meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 830 (1977) ("[W]hile adequate law libraries are one constitutionally acceptable method to assure meaningful access to the courts, [this] does not foreclose alternative means to achieve that goal."). Plaintiff indicates in his memorandum of law that he has been able to consult a jailhouse lawyer for help in preparing his legal documents. At this stage, prison officials appear to have provided at least some means to plaintiff to satisfy their constitutional requirements. Therefore, the Court cannot conclude that plaintiff has shown a reasonable likelihood of success on the merits. Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's motion to amend complaint (#18) is granted. Clerk is directed to docket the amended complaint attached to plaintiff's motion.

2) Pursuant to its merit review of the amended complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states First Amendment claims for denial of access to the courts and retaliation against Defendant Bergin. Any remaining defendants are dismissed. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

4) The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5) With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if

not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6) The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7) This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9) The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

12) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (#15) is denied.

13) Plaintiff's motions for counsel (#13, 14) are denied, with leave to renew. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Although plaintiff states he wrote several lawyers, a plaintiff typically meets this requirement by attaching copies of the letters sent and the responses received. Furthermore, plaintiff has personal knowledge of the facts, he appears to have been able to adequately communicate them with the Court, he should be able to obtain relevant documents during discovery, and this case does not appear overly complex at this time. Plaintiff also states that his undisclosed medical condition will inhibit his ability to litigate this case. Plaintiff, however, has not provided enough information about his medical condition for the Court to conclude his ability to litigate has been hindered. Plaintiff's request to proceed in forma pauperis is denied as moot as the Court granted Plaintiff's previous petition to proceed in forma pauperis. *See* Text Order entered March 2, 2018.

Entered this 30th day of May, 2018.

/s/Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE